UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| SHAWN MICHAEL CAMERON, ) | |
| ) | |
| Petitioner, ) | Civil No. 6: 21-11-HRW |
| ) | |
| V. ) | |
| ) | |
| C. GOMEZ, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Shawn Michael Cameron has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]  This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In his petition, Cameron states that he is a California resident and that his wife, four children, and extended family all live in that state.  Cameron complains that in 2016 following his conviction of serious disciplinary charges, the Bureau of Prisons transferred him to a prison in Kentucky instead of housing him in close geographic proximity to his family.  While Cameron asserts that the disciplinary charges were fabricated, he claims that it is his distant prison placement that violates his constitutional rights and the BOP's regulations.  [D. E. No. 1-1]  In 2017 and again

in 2020, Cameron filed inmate grievances regarding his prison placement, but was not successful in his efforts to be transferred closer to home. [D. E. No. 1-2]

Cameron's petition must be denied because the relief he seeks, transfer to a prison that is closer to family, may not be obtained through a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006). Cameron does not seek immediate or earlier release from custody; therefore, his challenge is one to the place of his incarceration, a claim that must be pursued through a civil rights action. *Cf. Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004); *Owen v. Sepanek*, No. 14-CV-158-HRW, 2014 WL 6610169, at *2-3 (E.D. Ky. Nov. 19, 2014) ("It is well established that challenges to a prisoner's classification or place of confinement ... are 'conditions of confinement' claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331.") (collecting cases).

Where, as here, a prisoner files a § 2241 petition complaining about the conditions of his confinement and seeking transfer to a different prison, the proper course is to deny the petition without prejudice to allow the prisoner to assert his claims in a civil rights complaint. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Cameron may obtain the appropriate forms from the Clerk of the Court.

Accordingly, **IT IS ORDERED** that:

1. Shawn Michael Cameron's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 1st day of February, 2021.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**